# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL T. BAUMGARNER,** | § | |
| | § | |
| **V.** | § | **CIVIL NO. A-07-CA-291-LY** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss as Unexhausted (Document 10) and Petitioner's response thereto (Document 14).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

## DISCUSSION

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 22nd Judicial District Court of Caldwell County, Texas, in cause number 9676, styled The State of Texas v. Michael Baumgarner.  Petitioner was found guilty of burglary of a building

and sentenced to 20 years in prison.  Petitioner does not challenge his holding conviction.  Rather,

he argues his time credits are incorrect, and he should be released to mandatory supervision.

Petitioner challenged the execution of his sentence in a state application for habeas corpus

relief.  He filed his state application on November 7, 2006.  See Petitioner's Response at Exhibit B.

Petitioner admitted in his state application that he had not presented his claim to the time credit

resolution system of the Texas Department of Criminal Justice - Institutional Division.[1]   He

explained in his application that he was not required to do so, because according to his calculations,

he was immediately eligible for release to mandatory supervision.[2]  While his state application was

---

[1]Texas Government Code § 501.0081 created a system to allow resolution of time credit complaints.  That section provides:

> (b) . . . an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
> > (1)     the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
> >
> > (2)     if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
> (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge.  An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described in Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

[2]Petitioner was mistaken in his belief that he was not required to file a time credit dispute. Pursuant to Texas Government Code § 501.008(c) the waiver applies to inmates, who are within 180 days of their presumptive parole date, mandatory supervision date or date of discharge.  However, the 180 days is pursuant to the department's computations and not the inmate's.

pending, Petitioner allegedly submitted a time credit dispute on December 5, 2006.  See Petitioner's

Response at Exhibit A.³  Meanwhile, on March 14, 2007, the Texas Court of Criminal Appeals

dismissed Petitioner's state application, because Petitioner had not exhausted his administrative

remedies through the time credit dispute resolution system at the time he filed his state application.

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the

exhaustion of all claims in state court prior to requesting federal collateral relief.  Sterling v. Scott,

57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996).  Section 2254(b) provides that:

> (1)    An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> unless it appears that:
> (A)     the applicant has exhausted the remedies available in the
> courts of the State; or
> (B)     (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to
> protect the rights of the applicant.

28 U.S.C. § 2254.  This requirement is designed in the interests of comity and federalism to give

state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's

conviction.  Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971).  The purpose and

policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application

and enforcement of federal law and prevent disruption of state criminal proceedings.  Rose v. Lundy,

455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982) (citing, Braden v. 30th Judicial Circuit Court of

Kentucky, 410 U.S. 484, 490-91, 93 S. Ct. 1123, 1127 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been

exhausted as to any of the federal claims."  Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056,

---

³Petitioner indicates he has not received a determination with regard to his dispute.

1059 (1989).  The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985).  Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied.  See generally, Castille, 489 U.S. at 351, 109 S. Ct. at 1060. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court.  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.  If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies.  Id.

In the present case, Petitioner has not properly presented his claims to the Texas Court of Criminal Appeals.  Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law.  Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist.  See, Deters v. Collins, 985 F.2d 789 (5th Cir. 1993).  However, Petitioner makes no allegations that any exceptional circumstances are present in this case.  Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be **GRANTED** and Petitioner's Application for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

OBJECTIONS

The parties may file objections to this Report and Recommendation.   A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.   The District Court need not consider frivolous, conclusive, or general objections.

Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.   See 28 U.S.C. § 636(b)(1)(C);   Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct.

466, 472-74 (1985);   Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and

Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 29th day of June, 2007.


_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE